IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERTO VASQUEZ-ROJAS<br>Defendant | CRIM.NO. 25-149-1(PAD) |

# SENTENCING MEMORANDUM

**TO THE HONORABLE COURT**

Comes now the defendant, Roberto Vasquez-Rojas, through the undersigned attorney, and respectfully alleges and prays as follows:

## INTRODUCTION

1. Mr. Vasquez is scheduled for a change of plea and sentencing hearing on April 34, 2025, at 1:30 pm before this Honorable Court.

2. Mr. Vazques will enter a plea of guilty to Count One of the Indictment to be sentenced in accordance with a plea agreement reached with the Government pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure.

3. Pursuant to the plea agreement, as to Count One, the parties agreed to recommend a sentence of Time Served of imprisonment.

4. The statutory provision yields (0-2 years), and the sentencing guidelines yield (0-6 months), if the defendant is criminal history category I, II or III, which allows a sentence of Time Served of imprisonment in the instant case since the defendant has no criminal history points. Should also be considered that the deportation proceedings will

result in additional detention time of imprisonment while Mr. Vasquez is deported back to Dominican Republic.

5. Mr. Vasquez has a criminal history category of I with no history of violence. He accepted responsibility for the offense in the instant case from the day of his arrest; and requested the undersigned counsel to file motion for change of plea and sentencing all consolidated in the same hearing, saving judicial and prosecutorial resources. Mr. Vasquez was arrested at the airport trying to get a flight back and voluntarily deport himself to the Dominican Republic after knowing about the current strict United States Immigration policy.

6. Mr. Vasquez acknowledges that is not an excuse, but he committed the offense of being an illegal pressured for the economic hardship in Dominican Republic to provide for his family. He now feels repentant and deeply sorry for his mistake and rests assured he is not coming back.

**CONCLUSION**

The sentencing guidelines are advisory and after **U.S. v. Booker,** 543 U.S. 220 (2005), district courts are not bound by the sentencing guidelines. However, the courts are required to consider the guidelines together with the factors outlined in Title 18 U.S.C. §3553 (a). See **Rita v. United States,** 127 S.Ct. 2456 (2007); **Gall v. United States,** 128 S. Ct. 586 (2007). In sentencing an individual "the court should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and punishment to ensue." **Gall v. United States,** supra.

3

The sentencing courts should comply with the statutory directive that sentences should "**be sufficient, but not greater than necessary**" to effectuate the ends of justice. Therefore, when these factors are considered the statutory goals of sentencing are achieved. 18 U.S.C. §3553 (a); **United States v. Scherrer,** 444 F.3d. 91 (1 Cir. 2006) (en banc).

**WHEREFORE,** it is respectfully requested that this Honorable Court take notice of the above and sentence Roberto Vasquez-Rojas to **Time Served of imprisonment in the instant case pursuant to the parties joint recommendation in the plea agreement.** Such a sentence will comply with the statutory directive that sentences should "**be sufficient, but not greater than necessary**" to effectuate the ends of justice.

In San Juan, Puerto Rico this April 21, 2025.

RESPECTFULLY SUBMITTED.

*S/ EMILIO F. MORRIS ROSA*
EMILIO F. MORRIS ROSA
USDC # 231503
P.O. BOX 5129
CAROLINA, P.R. 00984-5129
TEL. (787) 632-6381
emiliofmorris@gmail.com

I hereby certify that on April 21, 2025, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the parties on record.

*S/ EMILIO F. MORRIS ROSA*